**Vincent F. RIVERA, Plaintiff–Appellant,**

v.

**GOVERNOR OF NEW YORK, at al., Defendants–Appellees.**

**Docket No. 02–7962.**

United States Court of Appeals, Second Circuit.

March 23, 2004.

Vincent Rivera, Starke, Fl., pro se.

No appearance, for Appellees.

Present: NEWMAN, KEARSE, and POOLER, Circuit Judges.

### SUMMARY ORDER

Vincent Rivera, appeals from a judgment dismissing his 42 U.S.C. § 1983 complaint with prejudice, pursuant to 28 U.S.C. § 1915(e). Rivera's claims are based on alleged use of excessive force against him, deliberate indifference to his serious medical needs, and cruel and unusual punishment.

Familiarity is assumed as to the facts, the procedural context, and the specifications of appellate issues. Generally, Rivera claims that on May 5, 1983 he unknowingly ingested a lethal combustible substance. He further claims that later that day he was arrested by several unidentified police officers who physically assaulted him and forced him to inject "Haldol Decanoate." Finally, he claims that he was then wrongfully committed to a state hospital where he was in a coma for three weeks.

The district court allowed Rivera to proceed *in forma pauperis* but found that 28 U.S.C. § 1915(e)(2)(B)(ii) required that the complaint be dismissed immediately as it failed to state a claim for which relief can be granted, because the plaintiff had failed to file his complaint within the three year statute of limitations on New York-based Section 1983 claims. Rivera appeals this

dismissal and challenges the constitutionality of Section 1915.

Our Court reviews dismissals of actions pursuant to Section 1915 *de novo*. *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). It is clear from the complaint that Rivera is bringing this action long after the statute of limitations for his claim would normally have expired. *See Harris v. City of New York*, 186 F.3d 243, 247–48 (2d Cir.1999) (establishing that the statute of limitations for a New York-based Section 1983 claim is three years). However, Rivera argues that the stature of limitations should be tolled because the defendants entered into a conspiracy to conceal medical and arrest records from him. Even if these assertions are taken as true, these claims must be dismissed, because a conspiracy to conceal wrongful acts does not delay the accrual of a Section 1983 cause of action if the harm is known. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir.1995) ("[W]hen a plaintiff knows or ought to know of a wrong, the statute of limitations on that claim starts to run, and the later awareness that the actionable wrong was also part of a conspiracy does not expand the statutory time limit.") Thus, we agree with the district court's determination that Rivera's complaint falls outside the statute of limitations on New York-based Section 1983 claims and is properly dismissed. Furthermore, we agree with the district court's decision to dismiss the claim with prejudice because amendment would be futile. Rivera's challenge to the constitutionality of Section 1915 as a violation of the Separation of Powers Clause is also without merit. We therefore affirm the district court's dismissal of the complaint with prejudice.